UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR C. MOSES,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>V.M. ALMAGER, Warden,<br><br>　　　　　　　　　　　Respondent. | Civil No.　06cv1815-J (POR)<br><br>**REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 1]** |

## I. INTRODUCTION

Petitioner Arthur C. Moses, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  Petitioner seeks relief based on his denial of due process rights during prison disciplinary proceedings.  Petitioner contends that his disciplinary hearing violated his due process rights because: 1) there was insufficient evidence to support the finding that he intended to distribute the drugs that he possessed; and 2) he did not receive the initial Rules Violation Report, which notified him of the charges pending against him, in a timely manner.  This Court has reviewed the Petition for Writ of Habeas Corpus, Respondent's answer, Petitioner's traverse, and all supporting documents.  After thorough review, this Court finds that Petitioner is not entitled to the relief he seeks and recommends the Petition be DENIED.

## II. FACTUAL BACKGROUND

On March 1, 2001, Petitioner was sentenced to a ten-year prison term for a conviction of one count of sale/transportation/offer to sell a controlled substance, in violation of California Health and Safety Code section 11352(A).  (Lodgment 1 at 1.)  On July 24, 2004, while Petitioner was in

1   custody at Imperial Centinela State Prison, Petitioner was discovered by prison officials to be in the

2   possession of what appeared to be marijuana along with approximately 50 cigarette rolling papers.

3   (Lodgments 2-3.)  Prison officials sent the substance they recovered from Petitioner to the forensic

4   laboratory for testing.  (Id.)  On September 1, 2004, prison officials received a report from the

5   laboratory that confirmed the substance was 13.5 grams of marijuana.  (Lodgment 4 at 1.)

6        On September 1, 2004, Petitioner was charged with "possession of a controlled substance for

7   distribution and sales" as indicated in the Rules Violation Report.  (Lodgment 2 at 1.)[1]  An initial

8   Rules Violation Report was issued to Petitioner on September 15, 2004.  (Id.)  Petitioner was also

9   referred to the Riverside District Attorney's Office for prosecution.  (Lodgment 5 at 1.)  On May 16,

10  2005, Petitioner pled guilty to one count of possession of a controlled substance and was sentenced

11  to an additional two years and eight months in prison to be served concurrently with his original

12  commitment term.  (Id.)

13       On June 16, 2005, an administrative disciplinary hearing on the Rules Violation Report was

14  held.  (Lodgment 2 at 4.)  Petitioner pled guilty to possession of marijuana but pled not guilty to the

15  charge of intended distribution and sales because he claimed the drugs were only for his personal

16  use.  (Id.)  However, the Senior Hearing Officer for the disciplinary hearing determined that the

17  preponderance of the evidence supported the fact that Petitioner was guilty of possession of a

18  controlled substance with intent to distribute, in violation of California Code of Regulations, title 15,

19  section 3016 (a).  (Id.)  The Senior Hearing Officer based his decision on the report by the

20  correctional officer who recovered the marijuana from Petitioner, the laboratory report that

21  confirmed the substance was marijuana, the amount of marijuana recovered from Petitioner,

22  Petitioner's admission to possession of the marijuana, and the Senior Hearing Officer's training and

23  experience.  (Id. at 4-5.)  Petitioner was assessed 180-days disciplinary credit forfeiture under

24  California Code of Regulations title 15, section 3323 for a violation of a Division "A-2" offense, one

25  year loss of all visiting privileges, two year loss of contact visiting, and loss of family visiting

26  privileges.  (Id. at 5.)

27

28       [1] The pages in lodgment 2 are not numbered sequentially so the Court's use of page numbers in this Report and Recommendation refer to their location in the document, beginning with the first page in the lodgement as page one.

1  On June 21, 2005, Petitioner appealed the decision of the disciplinary hearing to the Second

2  Level Formal Review.  Petitioner argued that his due process rights were violated because the Rules

3  Violation Report did not include the required information and the time constraints were violated by

4  the institution when it waited for the return of the forensic lab report before issuing the Rules

5  Violation Report.  (Petition at Exhibit A, 5-6.)  On July 29, 2005, the Second Level Formal Review

6  denied the appeal.  (Id. at 15.)  On August 16, 2005, Petitioner appealed to the Director's Level

7  alleging the same due process violations.  (Lodgment 6 at 1.)  On February 2, 2006, the Director's

8  Level of Review denied the appeal stating that "[t]here is no evidence that supports the [Petitioner's]

9  contention that his due process rights were violated."  (Id.)

10  ### III. PROCEDURAL BACKGROUND

11  Petitioner filed a petition for writ of habeas corpus in the Imperial County Superior Court.[2]

12  (Lodgment 7.)  In that petition, Petitioner challenged the result of the disciplinary hearing and

13  subsequent administrative appeal decisions.  He brought two claims alleging that he was denied due

14  process rights because: 1) the disciplinary board did not satisfy the "some evidence" standard to find

15  he was in possession of marijuana for the purpose of distribution and sales; and 2) the delay between

16  the time he committed the offense to when he was served with the Rules Violation Report violated

17  regulation time constraints.  (Id.)  On March 21, 2006, the superior court denied Petitioner habeas

18  corpus relief and found that some evidence supported the finding of guilt.  (Id.)

19  Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal.[3]

20  (Lodgment 8.)  In that petition, Petitioner again brought the same two claims alleging violation of

21  his due process rights.  (Id. at 2.)  On June 6, 2006, the appellate court denied that petition stating

22  that "[t]he prison's issuance of the CDC Form 115 [Rules Violation Report] is reasonable

23  considering its overall diligence in obtaining the laboratory results" and "some evidence supports

24  the disciplinary board's findings."  (Id.)

25

26  [2] The filing date of Petitioner's first state habeas petition is not known, but is not necessary for
this Court's review of Petitioner's federal habeas petition.  Petitioner's first state habeas petition to the

27  Imperial County Superior Court is not included in the lodgments.

28  [3] The filing date of Petitioner's second state habeas petition is not known, but is not necessary
for this Court's review of Petitioner's federal habeas petition.  Petitioner's second state habeas petition
to the California Court of Appeal is not included in the lodgments.

1   On June 23, 2006, Petitioner filed a petition for writ of habeas corpus in the California

2   Supreme Court.  (Lodgment 9-10.)  On July 12, 2006, the California Supreme Court denied the

3   petition without comment or citation.  (Lodgment 9 at 2.)[4]

4   On August 1, 2006, Petitioner filed his federal habeas petition with the United States District

5   Court, Central District of California.  (Petition at 11.)  Petitioner raised the same two due process

6   claims as he presented in the state courts.  On September 1, 2006, the court ordered the Petition to be

7   transferred to this Court because venue is proper in the Southern District.  (Petition at 4-5.)  On

8   December 26, 2006, Respondent filed his answer and memorandum of points and authorities in

9   support of the answer.  On February 5, 2007, Petitioner filed a traverse.

10   **IV. STANDARD OF REVIEW**

11   Title 28, United States Code, section 2254(a) sets forth the scope of review for federal

12   habeas claims:

13   The Supreme Court, a Justice thereof, a circuit judge, or a district court
     shall entertain an application for a writ of habeas corpus in behalf of a
14   person in custody pursuant to the judgment of a State court only on the
     grounds that he is in custody in violation of the Constitution or laws or
15   treaties of the United States.

16   28 U.S.C. § 2254(a) (Westlaw 2007).

17   In 1996, Congress "worked substantial changes to the law of habeas corpus" with the

18   enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Moore v.

19   Calderon, 108 F.3d 261, 263 (9th Cir. 1997).  The changes most relevant to this Petition are those to

20   28 U.S.C. § 2254(d), which increase the deference due to state court decisions.  The modified 28

21   U.S.C. § 2254(d) now provides that a state prisoner will not be granted a writ of habeas corpus with

22   respect to any claim that was adjudicated on the merits in state court unless the decision:

23   (1) was contrary to, or involved an unreasonable application of, clearly
     established Federal law, as determined by the Supreme Court of the
24   United States; or
     (2) was based on an unreasonable determination of the facts in light of the
25   evidence presented in the State Court proceeding.

26   28 U.S.C. § 2254(d)(1-2) (Westlaw 2007).

27

28   [4] The pages in lodgment 9 are not numbered sequentially so the Court's use of page numbers in
     this Report and Recommendation refer to their location in the document, beginning with the first page
     in the lodgment as page one.

1    Section 2254(d)(1) "explicitly identifies only the [United States] Supreme Court as the font

2  of 'clearly established' rules." Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996), reversed on other

3  grounds, 521 U.S. 320 (1997).  A state court decision is contrary to clearly established federal law

4  "if the state court applies a rule that contradicts the governing law set forth in [United States

5  Supreme Court] cases" or "if the state court confronts a set of facts that are materially

6  indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a

7  result different from our precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003).  A state court

8  decision is an unreasonable application of clearly established law "if the state identifies the correct

9  governing legal principle from [the United States Supreme Court's] decisions but unreasonably

10 applies that principle to the facts of the prisoner's case." Id. at 75.  It is not enough that the state

11 court applies the law erroneously or incorrectly; rather, the application must be objectively

12 unreasonable. Id. at 75-76.

13    AEDPA also requires that deference be given to state court findings of fact, with state court

14 factual determinations presumed correct unless the petitioner rebuts them by clear and convincing

15 evidence.  28 U.S.C. § 2254(e)(1) (Westlaw 2007).  A state court decision may be found to be

16 "based on an unreasonable determination of the facts in light of the evidence presented" if it "is so

17 clearly incorrect that it would not be debatable among reasonable jurists." Jeffries v. Wood, 114

18 F.3d 1484, 1500 (9th Cir. 1997), overruled on other grounds.  Thus, if the state court decisions do

19 not involve an unreasonable application of the facts, the federal court must not grant relief.

20    Where there is no reasoned decision from the state's highest court, the Court "looks through"

21 to the underlying appellate court decision.  Y1st v. Nunnemaker, 501 U.S. 797, 801-06 (1991).  In

22 this case, the California Supreme Court denied Petitioner's habeas petition without comment.

23 Therefore, this Court shall look to the opinion of the California Court of Appeal in reviewing

24 Petitioner's federal habeas claim.  Y1st, 501 U.S. at 803 (stating that "[w]here there has been one

25 reasoned state judgment rejecting a federal claim, [the presumption is that] later unexplained orders

26 upholding that judgment or rejecting the same claim rest upon the same ground.").

27                                          **V. DISCUSSION**

28    In this Petition, Petitioner raises two claims based on denial of due process during his

1   disciplinary hearing, in which he was found guilty of possession of a controlled substance for

2   distribution and assessed 180 days credit forfeiture and loss of visiting privileges.  First, Petitioner

3   alleges that there was insufficient evidence to support the finding that he intended to distribute the

4   drugs that he possessed.  Second, Petitioner alleges that he did not receive the initial Rules Violation

5   Report, which notified him of the charges pending against him, in a timely matter.

6       Respondent contends that this Court must deny the Petition because Petitioner has not

7   established that his claims regarding the disciplinary hearing warrant federal review or relief.  In

8   particular, Respondent argues that Petitioner's contention that there was insufficient evidence to

9   support the outcome of the disciplinary hearing is contradicted by the record.  In addition,

10  Respondent argues that Petitioner's allegation that his initial Rules Violation Report was not issued

11  in a timely matter is not a cognizable federal claim nor does it have merit.

12  **A. Due Process Claim: Sufficiency of Evidence to Support Findings of Guilt**

13      In ground one, Petitioner raises a claim of a due process violation during his disciplinary

14  hearing proceedings.  (Petition at 32-35.)  Petitioner argues there was insufficient evidence to

15  support the finding that he intended to distribute the marijuana, which constituted a violation of due

16  process under Superintendent v. Hill, 472 U.S. 445 (1985).  (Id.)  In particular, Petitioner contends

17  there is "completely no evidence" to prove he intended to distribute the marijuana and that the

18  evidence only proves he is "guilty of possession for personal use."  (Petition at 33-34.)

19      Where a protected liberty interest exists,[5] the requirements imposed by the Due Process

20  Clause are "dependent upon the particular situation being examined."  Hewitt v. Helms, 459 U.S.

21  460, 472 (1983).  It has been established that a minimum amount of due process is afforded to a

22  prisoner in disciplinary proceedings under the Fourteenth Amendment.  Wolff v. McDonnell, 418

23  U.S. 539, 556 (1974).  Inmates subjected to disciplinary action are entitled to certain procedural

24  protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to

25

26      [5] A prisoner is entitled to due process only if a state created a liberty interest by statute or
regulation and such a right can not be abrogated without minimum due process. Wolff, 418 U.S. at 555-
27  57.  A state may create a liberty interest in the accumulation of forfeiture of custody credits. Id. at 557.
For purposes of this Petition, this Court assumes that Petitioner has a liberty interest in the restoration
28  of credits.  See Toussaint v. McCarthy, 801 F.2d 1080, 1095 (9th Cir. 1986).

06cv1815

1  criminal defendants.  Id.  The requirements of due process in the prison context involve a balancing

2  of inmate rights and institutional security concerns and broad discretion must be accorded to prison

3  officials.  Id. at 560-63.

4       The "requirements of due process are satisfied if some evidence supports the decision by the

5  prison disciplinary board to revoke good time credits."  Superintendent v. Hill, 472 U.S. 445, 456

6  (1985).  The findings of the disciplinary board can not be "without support or otherwise arbitrary."

7  Id. at 457.  The some evidence standard is "minimally stringent," and a decision must be upheld if

8  there is any reliable evidence in the record that could support the conclusion reached by the fact

9  finder.  Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1987) (citing Hill, 472 U.S. at 456).  Ascertaining

10 whether this standard is satisfied does not require examination of the entire record, independent

11 assessment of the credibility of the witnesses, or weighing of the evidence.  Toussaint v. McCarthy,

12 801 F.2d 1080, 1105 (9th Cir. 1986).  Instead, "the relevant question is whether there is any

13 evidence in the record that could support the conclusion reached by the disciplinary board."  Id.

14      The United States Supreme Court evidence standard for findings of guilt at disciplinary

15 proceedings under Hill governs Petitioner's first claim.  Petitioner raised this due process claim in

16 his habeas corpus petitions to the California Superior Court, the California Court of Appeal, and the

17 California Supreme Court.  The California Supreme Court denied Petitioner's habeas petition in a

18 single sentence opinion filed on July 12, 2006.  (Lodgment 9 at 2.)  Therefore, this Court must look

19 to the decision of the California Court of Appeal and decide whether it was contrary to, or an

20 unreasonable application of, clearly established United States Supreme Court law or was based on

21 an unreasonable determination of the facts.  See Y1st v. Nunnemaker, 501 U.S. at 804-05.

22      The California Court of Appeal based its denial of Petitioner's claim on United States

23 Supreme Court law.  In its decision, the court found that Petitioner's disciplinary proceedings were

24 consistent with the due process standard for disciplinary hearings under Hill, 472 U.S. 445.

25 (Lodgment 8 at 2.)   In particular, the court relied heavily on Hill in deciding that Petitioner was not

26 denied due process during the disciplinary proceedings because there was sufficient evidence to find

27 Petitioner guilty.  (Id.) The California Court of Appeal reasoned that the laboratory test results that

28 revealed Petitioner had 13.5 grams of marijuana in his possession, the 50 pieces of rolling papers,

1  and the estimated $2,700 prison value of the marijuana constitutes "some evidence" supporting the

2  disciplinary board's finding.  (Id.)

3        Based on the record and the analysis above, the California Court of Appeal properly utilized

4  the established United States Supreme Court law under Hill and reasonably applied that law to

5  Petitioner's case to deny his state habeas petition.  The record illustrates there is evidence to find

6  Petitioner guilty of possession of marijuana with the intent to distribute, and thus, Petitioner's due

7  process rights were not violated at his disciplinary hearing.  Accordingly, the Court recommends the

8  Petition be denied on this ground for relief.

9  **B. Due Process Claim: Timeliness of Petitioner's Rules Violation Report**

10        In ground two, Petitioner argues that his due process rights were violated under Title 15,

11  California Code of Regulations, section 3320 because he did not receive the initial Rules Violation

12  Report in a timely manner.  (Petition at 36.)  Petitioner relies on Title 15, California Code of

13  Regulations, section 3320(a)(1), which provides "[a]n inmate must be provided with a copy of the

14  115 [Rules Violation Report] within 30 days after the incident."  Cal. Code Regs. Tit. 15 §

15  3320(a)(1) (Westlaw 2007).

16        **1. Cognizable Federal Habeas Corpus Claim**

17        A federal court can provide relief to a state prisoner for a habeas petition "only upon the

18  ground that he is in custody in violation of the constitution or law or treaties of the United States."

19  28 U.S.C. § 2254(a) (Westlaw 2007).  It "is not the province of a federal habeas court to reexamine

20  state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).

21  Therefore, Petitioner's contention that his initial Rules Violation Report was not issued within the

22  time frame set forth under California Code of Regulations is not a cognizable federal habeas corpus

23  claim because it involves the interpretation of state law.  Accordingly, this Court recommends the

24  Petition be denied on this ground for relief.

25        Petitioner would only prevail with this claim if he was not provided the time requirements

26  associated with due process in a disciplinary hearing as set out by the United States Supreme Court

27  in Wolff v. McDonnell.  418 U.S. 539 (1974).

28  ///

06cv1815

1 | ///

2 | **2. Procedural Due Process Requirements in a Disciplinary Hearing**

3 |      Under <u>Wolff v. McDonnell</u>, in order for the requirements of procedural due process to be

4 | satisfied, a prisoner facing disciplinary proceedings that may result in the loss of good time credits

5 | must receive: 1) advance written notice of the disciplinary charges; 2) an opportunity, when

6 | consistent with institutional safety and correctional goals, to call witnesses and present documentary

7 | evidence in his defense; and 3) a written statement by the factfinder of the evidence relied upon and

8 | the reasons for the disciplinary proceedings. <u>Id.</u> at 563-67. "[A]t least a brief period after the notice

9 | [of the disciplinary charges], no less than 24 hours, should be allowed to the inmate to prepare for

10 | the appearance before the [Disciplinary] Committee." <u>Id.</u> at 564.

11 |      In the present case, the requirements of procedural due process were satisfied. Specifically,

12 | Petitioner received advance written notice of the disciplinary charges in the Rules Violation Report

13 | on September 15, 2004. (Lodgment 2 at 1.) His disciplinary hearing was held on June 16, 2005,

14 | nine months after he received the written notice of the pending charges. (<u>Id.</u> at 4.) Petitioner was

15 | notified of the date of the disciplinary hearing at least twenty-four hours prior to the hearing. (<u>Id.</u> at

16 | 1.) Petitioner was also given the opportunity to present witnesses at his disciplinary hearing but did

17 | not request to have any present, as indicated by the Rules Violation Report. (<u>Id.</u> at 4.) In addition,

18 | on July 14, 2005, Petitioner received a copy of the written statement by the Senior Hearing Officer

19 | stating the evidence relied upon in finding the Petitioner guilty and the reasons for the disciplinary

20 | hearing. (<u>Id.</u> at 4-7.)

21 |      Therefore, the California Court of Appeal's rejection of Petitioner's claim was not contrary

22 | to, or an unreasonable application of, the clearly established United States Supreme Court law set

23 | forth in <u>Wolff</u>. Accordingly, the Court recommends the Petition be denied on this ground for relief.

24 | **VI. CONCLUSION**

25 |      After thorough review of the record in this matter and based on the foregoing analysis, this

26 | Court recommends that the Petition for Writ of Habeas Corpus be DENIED and this action be

27 | DISMISSED WITH PREJUDICE. This Report and Recommendation of the undersigned Magistrate

28 | Judge is submitted to the United States District Judge assigned to this case, pursuant to the

1    provisions of 28 U.S.C. § 636(b)(1) (Westlaw 2007) and Local Rule 72.1(d).

2           IT IS HEREBY ORDERED that **no later than July 19, 2007**, any party may file and serve

3    written objections with the Court and serve a copy on all parties.  The document should be captioned

4    "Objections to Report and Recommendation."

5           IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no

6    later than ten days after being served with the objections.  The parties are advised that failure to file

7    objections within the specified time may waive the right to raise those objections on appeal of the

8    Court's order.  Martinez v. Y1st, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

9

10   DATED:  June 19, 2007

11

12                                                          LOUISA S PORTER
                                                            United States Magistrate Judge
13

14   cc:     The Honorable Napoleon A. Jones, Jr.
15           All parties

16

17

18

19

20

21

22

23

24

25

26

27

28