# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR C. MOSES,<br><br>            Petitioner,<br><br>   v.<br><br>V.M. ALMAGER, Warden,<br><br>            Respondent. | Case No. 06cv1815-J (POR)<br><br>**ORDER:**<br><br>**(1) ADOPTING R&R; and**<br><br>**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On September 7, 2006, Petitioner Arthur C. Moses ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] Petitioner brings this action in response to a denial of his due process rights during prison disciplinary proceedings. On December 26, 2006, Respondent, Warden V.M. Almager ("Respondent"), filed a Response to the Petition. [Doc. No. 6.] On February 7, 2007, Petitioner filed a Traverse. [Doc. No. 8.] Magistrate Judge Louisa Porter issued a Report and Recommendation ("R&R") advising that this Court deny the Petition. [Doc. No. 9.] On July 19, 2007, Petitioner filed an Objection to the R&R. [Doc. No. 11.] The Court reviewed the papers filed and determined that the issues presented were appropriate for decision without oral argument. *See* S.D. Cal. Civ. R. 7.1(d)(1) (2006). For the reasons set forth below, the Court (1) **ADOPTS** the R&R, (2) **DENIES** the Petition, and (3) **DISMISSES** the Petition **WITH PREJUDICE**.

*Factual Background*

**I.     Facts**

On March 1, 2001, Petitioner was sentenced to a ten-year prison term for one count of sale/transportation/offer to sell a controlled substance in violation of California Health and Safety Code Section 11352(A). (*See* Lodgm't No. 1, Abstract of Judgment, at 1.) On July 24, 2004, while Petitioner was incarcerated at Imperial Centinela State Prison, Petitioner was searched by a correctional officer after the officer discovered approximately fifty cigarette rolling papers taped to Petitioner's identification card. (*See* Lodgm't No. 2, Rules Violation Report, at 1.)[1] Petitioner refused to comply with the search and the correctional officer used force to subdue him. (*See id.* at 2.) During the encounter, Petitioner removed a bundle from his shoe and threw it out a window. (*See id.*) The bundle was retrieved, appeared to be marijuana, and was sent to the forensic laboratory for testing. (*See id.*) On August 6, 2004, the forensic lab issued a report that confirmed that the substance contained in the bundle Petitioner had thrown was 11.25 grams of marijuana.[2] (See Lodgm't No. 4, Laboratory Report, at 1.) Imperial Centinela State Prison received the report from the forensic laboratory on September 1, 2004. (*See* Lodgm't No. 2 at 4.) On this same date, Petitioner was charged with a prison violation for "possession of a controlled substance for distribution and sales." (*See* Lodgm't No. 2 at 1.) Petitioner was given a copy of the Rules Violation Report on September 15, 2004. (*See id*.) Petitioner was also prosecuted by the Riverside District

---

[1] Since the pages in Lodgment 2 are not numbered sequentially, the Court's use of page numbers refer to their location in the document, beginning with the first page in the Lodgment as page one.

[2] There is some discrepancy throughout the lodgments as to whether the marijuana Petitioner possessed weighed 13.5 grams, as reported by the correctional officers in their incident reports (*See* Lodgments 2-3), or 11.25 grams, as stated in the forensic laboratory report. (*See* Lodgment 4.) The 11.25 grams, determined by the forensic laboratory report, appears to refer to the net weight of the marijuana. (*See* id.) However, even if this discrepancy is unaccounted for, the difference in the amounts is not significant to this Court's decision.

- 2 -

Attorney's Office. (*See* Lodgm't No. 5, Abstract of Judgment, at 1.) On May 16, 2005, Petitioner pled guilty to one count of possession of a controlled substance, and was sentenced to an additional two years and eight months in prison, to be served concurrently with his original sentence. (*See id.*)

On June 16, 2005, Petitioner appeared before a Senior Hearing Officer at an administrative disciplinary hearing. (*See* Lodgm't No. 2 at 4.) Petitioner pled guilty to possession of marijuana, but stated "it was for personal use only." (*See id.*) The Senior Hearing Officer, however, found that the preponderance of the evidence supported the fact that Petitioner had intended to distribute the marijuana, and found Petitioner guilty of California Code of Regulations, Title 15, Section 3016(a). (*See id.*) The Senior Hearing Officer based his decision on his training and experience, the forensic laboratory report, the quantity of marijuana, Petitioner's admission to possessing the marijuana, and the report by the correctional officer who recovered the marijuana. (*See id.* at 4-6.) The correctional officer's report stated that the prison value for marijuana is approximately two-hundred dollars per gram, for a total estimated prison value of $2,700 for the amount of marijuana recovered from the Petitioner.[3] (*See id.* at 2.) Petitioner was assessed a one-hundred eighty-day credit forfeiture, a one year loss of all visiting privileges, a two-year loss of contact visiting privileges, and a loss of family visiting privileges. (*See id.* at 7.)

On June 21, 2005, Petitioner appealed the decision of the Senior Hearing Officer to the Second Level Formal Review. (*See* Pet. at Ex. A, 5-6.) Petitioner argued that the correctional facility violated the mandatory time constraints when it waited for the return of the forensic laboratory report before issuing a Rules Violation Report, and that the Rules Violation Report did not contain the required information. (*See id.*) On July 29, 2005, the Second Level Formal Review denied Petitioner's appeal. (*See id.* at 15.) On August 16, 2005, Petitioner asserted a Director's Level appeal on the same grounds. (*See* Lodgment 6, Director's Level Appeal

---

[3] The correctional officer based his estimate as to the prison value of the marijuana on the amount of 13.5 grams recovered from the Petitioner. In actuality, the net weight of the marijuana recovered was 11.25 grams. This difference, however, is not significant.

- 3 -

1  Decision, at 1.)  This appeal was denied on February 2, 2006.  (*See id.*)

2  **II.     Procedural History**

3      **A.     *State Proceedings***

4      Petitioner filed a Petition for Writ of Habeas Corpus in the Imperial County Superior Court.[4]  [Lodgm't No. 7.]  Petitioner claimed that he was denied due process as a result of the disciplinary hearing because:  (1) the delay between the time he committed the offense and the time he received a copy of the Rules Violation violated regulation time constraints, and (2) the disciplinary board did not satisfy the "some evidence" standard to support its findings of guilt.  (*See* Lodgment No. 7, Order Denying Petition for Writ of Habeas Corpus,  at 1.)  On March 21, 2006, the Superior Court denied the Petition.  (*See id.*)

    Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal.[5]  [Lodgment No. 8.]  Petitioner asserted the same two claims alleging violations of his due process rights.  (*See id.* at 2.)  On June 9, 2006, the Court of Appeal denied the petition, holding that the prison's issuance of the Rules Violation Report was reasonable "considering its overall diligence in obtaining the laboratory results," and that "some evidence" supported the disciplinary board's findings.  (*Id.* at 2.)

    On June 23, 2006, Petitioner filed his Petition in the California Supreme Court, again alleging the same two due process violations.  (*See* Lodgm't No. at 1.)[6]  On July 12, 2006, the California Supreme Court denied the Petition without comment.  (*See id.* at 2.)

---

[4] Since Petitioner's first state habeas petition to the Imperial County Superior Court is not included in the lodgments, its filing date is unknown.  However, it is not necessary for this Court's review of Petitioner's federal habeas petition.

[5] Since Petitioner's second state habeas petition to the California Court of Appeal is not included in the lodgments, its filing date is unknown.  However, it is not necessary for this Court's review of Petitioner's federal habeas petition.

[6] Since the pages in Lodgment 9 are not numbered sequentially, the Court's use of page numbers refer to their location in the document, beginning with the first page in the Lodgment as page one.

- 4 -

**B.**     *Federal Proceedings*

On August 24, 2006, Petitioner filed his Petition in the United States District Court, Central District of California. (*See* Pet. at 11.) On September 1, 2006, the Central District Court ordered that the case be transferred to this Court because venue is proper in the Southern District of California. (*See id.* at 4-5.) Respondent filed his Response to the Petition on December 26, 2006. [Doc. No. 6.] On February 5, 2007, Petitioner filed a Traverse. [Doc. No. 8.] On June 19, 2007, Magistrate Judge Porter issued a Report and Recommendation recommending that this Court deny the Petition because: (1) the state court properly utilized the established federal law and reasonably applied it to Petitioner's case, and (2) because Petitioner's claim regarding the timeliness of the Rules Violation Report is not a cognizable habeas claim. (*See* R&R at 8.) On July 19, 2007 Petitioner filed an Objection to the R&R, objecting only to the R&R's findings regarding his due process timeliness claim. (*See* Pet. Objection at 4-5.)

## *Legal Standard*

### I.     **Reviewing a Magistrate Judge's R&R**

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005). The district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980). "When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law." *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). "Under such circumstances, the Ninth Circuit has held that 'a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*.'" *Id.* (quoting *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989)). In this case, Petitioner filed objections to the R&R. [Doc. No. 11.]

**II.     Petition for Writ of Habeas Corpus**

A federal court may grant a habeas petition if it shows the applicant is in custody "in violation of the Constitution or other laws or treaties of the United States."  28 U.S.C. § 2254(a).  State interpretation of state laws and rules cannot serve as the basis for a federal habeas petition, as no federal or constitutional question would be implicated.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Habeas petitions are governed by the provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").  Pursuant to AEDPA, a federal court may grant habeas corpus relief from a state court judgment only if the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law, or (2) was  based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *See* 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state-court decision is "contrary to clearly established federal law" if it (1) applies a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at the opposite result.  *See Williams v. Taylor*, 529 U.S. 362, 405 (2000).  A state court decision is an unreasonable application of the facts "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

*Discussion*

Petitioner here raises the same due process violations that he raised in state court, namely that:  (1) there was insufficient evidence to support the finding that he intended to distribute the drugs of which he was found in possession, and (2) he did not receive a copy of the Rules Violation Report in a timely manner.  (*See* Pet. at 30-31, Pet'r Objection at 5.)  The Magistrate Judge, in her R&R, recommends denying the Petition.  (*See* R&R at 1.)  For the reasons set forth below, this Court **DENIES** the Petition.

**I.     Sufficiency of Evidence to Support Findings of Guilt**

Petitioner asserts a due process violation in the insufficiency of the evidence used to support a finding of guilt that he intended to distribute the marijuana, and maintains that the

marijuana was for his own personal use. (*See* Pet. at 33-35.) Specifically, Petitioner claims that there was insufficient evidence to prove that 13.5 grams of marijuana is an amount intended for distribution, and that the correctional officer's assessment of the prison value of the marijuana was unsupported. (*See id.*)

A petitioner seeking to establish a due process violation must first prove that there exists a liberty or property interest which has been interfered with by the State, and that the procedures attendant upon that deprivation were constitutionally insufficient. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459 (1989) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972); *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). However, when a protected liberty interest exists, the requirements imposed by the Fourteenth Amendment are "dependent upon the particular situation being examined." *Hewitt*, 459 U.S. at 472. Prisoners may claim the protections of the Due Process Clause, but because prison disciplinary proceedings are not part of a criminal prosecution, prisoners cannot claim the full panoply of rights due a criminal defendant. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As the R&R noted, a prisoner is entitled to due process in a prison disciplinary hearing only if a state created a liberty interest by statute or regulation and such a right cannot be abrogated without minimum due process. *See Wolff*, 418 U.S. at 555-57. A state may create a liberty interest in the accumulation or forfeiture of custody credits. *See id.* at 557. For the purpose of this Petition, this Court will assume that Petitioner has a liberty interest in the restoration of his credits. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir. 1986).

"Due process is satisfied if there is 'some evidence' in the record to support [the] decision [of the prison disciplinary board] to revoke good time credits." *Perveler v. Estelle*, 974 F.2d 1132, 1134 (9th Cir. 1992) (quoting *Superintendent v. Hill*, 472 U.S. 445, 457 (1985)). This standard is minimally stringent. *See Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994). It is not necessary to examine the entire record, conduct an independent assessment of the credibility of witnesses, or weigh the evidence. *See Hill*, 472 U.S. at 455. Instead, the pertinent inquiry is whether there is 'any evidence in the record that could support the conclusion reached by the disciplinary board.' " *Powell*, 33 F.3d at 40 (quoting *Cato v. Rushen*, 824 F.2d 702, 705 (9th Cir. 1987); *Hill*, 472 U.S. at 455).

In evaluating Petitioner's claims, this court must determine whether the state court decision was contrary to, or an unreasonable application of, the above standard, or whether it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). However, the California Supreme Court denied Petitioner's state court petition without comment or citation. (See Lodgm't No. 10.) When the state's highest court issues a silent denial, the silence is deemed to be consent to the lower court's decision, and the reviewing court should "look through" to the "last reasoned opinion" to determine the legal basis for the denial. *Y1st v. Nunnemaker*, 501 U.S. 797, 804 (1991). Therefore, this Court must look to the decision of the California Court of Appeal.

The California Court of Appeal based its decision on United States Supreme Court law. It applied the standard set out in *Hill*, and found that Petitioner was not denied due process at the disciplinary hearing because there was "some evidence" to support the finding that Petitioner intended to distribute the marijuana. (See Lodgm't No. 8, Order Denying Pet. for Writ of Habeas Corpus, at 2.) Specifically, the Court of Appeal found that the marijuana's estimated prison value of $2,700 far exceeded the amount considered for personal use. (*See id.*) Coupled with the fifty pieces of cigarette rolling papers and the laboratory results that revealed Petitioner had 13.5 grams of marijuana in his possession, the Court of Appeal found that "some evidence" supported the disciplinary board's findings. (*See id.*) The California Court of Appeal correctly applied *Hill* to Petitioner's state court petition. Therefore, it cannot be said that the state court decision was contrary to, or an unreasonable application of, federal law in violation of 28 U.S.C. § 2254.

Additionally, the record available to the California Court of Appeal contains sufficient evidence to find the Petitioner guilty of possession of marijuana with intent to distribute. The report of the correctional officer who discovered Petitioner in possession of the marijuana, the laboratory report confirming that the substance was 13.5 grams of marijuana, the fifty cigarette rolling papers, the estimated prison value of the marijuana, and the Senior Hearing Officer's training and experience support the Court of Appeal's decision. Therefore, the Court of Appeal's decision was not based on an unreasonable determination of the facts. Accordingly, this Court **DENIES** Petitioner relief on this ground.

## II.     Timeliness of Petitioner's Rules Violation Report

Petitioner claims that his due process rights were violated because the prison failed to provide him with a copy of the Rules Violation Report within thirty days, the time line prescribed by Title Fifteen, California Code of Regulations, Section 3320(a). (*See* Pet. at 36, Pet'r Objection at 5-9.) This statute states that "[a] copy of the CDC Form 115 [Rules Violation Report] and all nonconfidential reports to be relied upon in a disciplinary hearing shall normally be provided to the inmate within 24 hours after the CDC Form 115 has been classified serious or administrative and within 30 days of the misconduct . . . ." Cal. Code Regs. Tit. 15 § 3320(a).

However, a federal court can only provide habeas relief to a state prisoner when the prisoner is in custody "in violation of the Constitution or other laws or treaties of the United States." 28 U.S.C. § 2254(a). "[A] violation of state law standing alone is not cognizable in federal court on habeas." *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000). Similarly, state interpretation of state laws and rules cannot serve as the basis for a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Consequently, Petitioner's claim that he received the Rules Violation Report outside the time frame mandated by California Code of Regulations § 3320(a) is not a cognizable habeas corpus claim since it involves the interpretation and application of state law, and thus, **IS DENIED** on this ground.

Petitioner claims, however, that the language of the above statute creates a protected liberty interest, thus creating a cognizable habeas claim. (*See* Pet'r Objection at 6, 8.) While, as mentioned, for purposes of this Order, this Court will assume that the forfeiture of good time credits does create a protected liberty interest, the violation of Section 3320 alone does not violate due process. In order for Petitioner to present a cognizable habeas claim based on the untimely receipt of the Rules Violation Report, Petitioner must prove that the procedural requirements established in *Wolff v. McDonnell* were not met. *Wolff* requires that, in a prison disciplinary hearing, an inmate be: (1) provided written notice of the charges, (2) provided at least a twenty-four hour notice to prepare for the hearing, (3) permitted to call witnesses and present documentary evidence in his defense, when consistent with institutional safety and

correctional goals, and (4) given a written statement by the factfinders at the hearing as to the evidence relied on and reasons for the disciplinary action. *See Wolff*, 418 U.S. at 564-65.

These procedural requirements were satisfied in the case at hand. Petitioner was provided with a copy of the Rules Violation Report on September 15, 2004. (*See* Lodgm't No. 2 at 1.) The disciplinary hearing was held on June 16, 2005, approximately nine months after Petitioner was given a copy of the Rules Violation Report. (*See id.*) Petitioner did not request to have witnesses testify at the disciplinary hearing, although permitted to do so. (*See id.* at 4.) Petitioner was also given a written statement by the Senior Hearing Officer stating the evidence relied on and the reasons for the disciplinary action taken. (*See id.* at 4-7.)

As a result, the California Court of Appeal's denial of Petitioner's due process claim was not contrary to, or an unreasonable interpretation of, clearly established federal law, as set forth in *Wolff,* or based on an unreasonable determination of the facts. Accordingly, this Court **DENIES** Petitioner's due process claim.

### *Conclusion*

For the reasons set forth above, the Court (1) **ADOPTS** the R&R, (2) **DENIES** Petitioner's Petition for Writ of Habeas Corpus, and (3) **DISMISSES** the Petition **WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATED: August 24, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Porter
    All Parties